

FILED

APR 13 2017

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| KAREN DAVIS,<br><br>                Plaintiff,<br><br>vs.<br><br>SAFEWAY, INC.,<br><br>                Defendant. | No. CV 16-10-H-SEH<br><br>**ORDER** |

The Scheduling Order of April 26, 2016, set several pretrial disclosure deadlines, including:

> Plaintiff shall disclose, and provide
> Fed. R. Civ. P. 26(a)(2) reports of, liability
> and damage experts on or before:       September 30, 2016
>
> Defendant shall disclose, and provide
> Fed. R. Civ. P. 26(a)(2) reports of, liability
> and damage experts on or before:       October 28, 2016

. . .

Proposed final pretrial order on or before:     May 26, 2017[1]

On October 11, 2016, Plaintiff's expert disclosure deadline was extended to November 28, 2016, and Defendant's expert disclosure deadline was extended to January 6, 2017.[2]

The Scheduling Order was supplemented by Court order of May 25, 2016,[3] and March 6, 2017.[4]

Plaintiff served an Expert Disclosure on November 28, 2016, and filed an Amended Expert Disclosure on March 10, 2017, naming treating physicians Jennifer Dodge, M.D., David Heetderks, M.D., John Michelotti, M.D., Allen Weinert, M.D., Steven Speth, M.D., Gene Slocum, M.D., and Jamey Williams, P.T. as non-retained experts.[5]

Defendant served an Expert Disclosure on January 6, 2017, and filed an Amended Expert Disclosure on March 9, 2017, naming Lowell Anderson, M.D., Gene Slocum, M.D., and Steven Speth, M.D. as non-retained experts.[6]

---

[1] Doc. 15 at 1-2.

[2] Doc. 18.

[3] Doc. 16.

[4] Doc. 28.

[5] Doc. 33.

[6] Doc. 32.

To assist the Court in addressing potential issues related to expert witness testimony to be offered at trial:

ORDERED:

Notwithstanding and in supplement to expert witness disclosures previously made and filed,

1. Expert reports shall be provided from each treating physician who is expected to provide testimony that may include any opinion not fully expressed in the physician's medical records.

2. Treating physician expert reports shall be filed and served by Plaintiff on or before May 26, 2017. Such reports shall comply with Fed. R. Civ. P. 26(a)(2)(B), except that the physician need not disclose compensation paid unless he or she is to be separately compensated for the study and preparation incident to preparation of the report. The reports shall include:

    a. A separate statement of each opinion to be offered.

    b. Specific identification of and source citations to the record to facts or data considered, referenced, or relied upon by the witness in forming each of the opinions expressed.

    c. A separate statement of the bases and reasons for each of the opinions.

All expert reports are to be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even if the expert has been deposed.

3. Expert reports shall be provided from each non-retained expert identified by Defendant who is expected to testify at trial. Such reports are to be served and filed on or before May 26, 2017, and must address and include all information required by Fed. R. Civ. P. 26(a)(2)(A) and (C) and shall include:

    a. A separate statement of each opinion to be offered.

    b. Specific identification of and source citations to the record to facts or data considered, referenced, or relied upon by the witness in forming each of the opinions expressed.

    c. A separate statement of the bases and reasons for each of the opinions.

All expert reports are to be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even if the expert has been deposed.

4. Each treating physician and each non-retained expert identified by

Plaintiff or by Defendant shall file with his or her report all of his or her medical records, or medical records of others in his or her possession, relating to the treatment and care of Plaintiff for any claims or conditions asserted in this case. Medical records shall be filed under seal if required by law.

DATED this 13th day of April, 2017.

SAM E. HADDON
United States District Judge